# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2013

No. 12-60642
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM C. BRELAND, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-85-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

William C. Breland, Jr., appeals the sentence of 35 months of imprisonment and two years of supervised release he received following the revocation of his term of supervised release. He argues that the district court failed to provide adequate weight to his post-sentencing rehabilitation efforts, as authorized by *Pepper v. United States*, 131 S. Ct. 1229 (2011).

Ordinarily, revocation sentences are reviewed under a "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*cert. denied*, 132 S. Ct. 496 (2011).  However, because no objection was made at resentencing, our review of Breland's revocation sentence is limited to plain error.  *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009).  To show plain error, Breland must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Examination of the record shows that the district court considered Breland's post-sentencing rehabilitation efforts and took those efforts into account when determining his sentence.  The imposed sentence was below both the applicable statutory maximum term of imprisonment and the range recommended by the policy statements in the Sentencing Guidelines.  Breland has failed to show any error regarding his sentence.

Accordingly, the judgment of the district court is AFFIRMED.